UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEXAS ROADHOUSE, INC. et al.,

    Plaintiffs,

v.

TEXAS CORRAL
RESTAURANTS, INC. et al.,

    Defendants.
_____/

Case No. 1:13-cv-882

HON. JANET T. NEFF

## **OPINION**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(3) or Alternatively Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt 54). Plaintiffs have filed a Response (Dkt 55); Defendants filed a Reply (Dkt 58), and the Court thereafter granted Plaintiffs leave to file a Sur-Reply (Dkt 62). After full consideration, the Court determines that a transfer of venue is warranted. Accordingly, Defendants' motion is granted.

### **I. Background**

Plaintiffs Texas Roadhouse, Inc. and Texas Roadhouse Delaware, LLC, brought this case against its competitor, Texas Corral Restaurants, Inc., and nine related entities and individual Defendants, alleging trademark infringement pursuant to the Lanham Act, trade dress infringement, copyright infringement, and various state law claims. After engaging in settlement discussions over the course of a year and participating in two pre-motion conferences with the Court in 2014, the parties were unable to negotiate a resolution, and Defendants opted to proceed with their previously proposed motions to dismiss for lack of personal jurisdiction as to some Defendants, or alternatively

to transfer venue to the Northern District of Indiana. The Court permitted limited written discovery on the issue of venue, and the parties thereafter proceeded with briefing on the instant motion. They have agreed to the following underlying facts for purposes of the motion.[1]

    1. Texas Roadhouse, Inc. and Texas Roadhouse Delaware, LLC ("Texas Roadhouse") operate eleven (11) restaurants in Michigan, five (5) of which are in the Western District of Michigan.

    2. T.C. of Kalamazoo, Inc. and Texas Corral Restaurant II, Inc. are Indiana Corporations authorized to do business in the State of Michigan and located in the Western District.

    3. Texas Roadhouse is incorporated in the State of Delaware and has its principal place of business in Louisville, Kentucky.

    4. The first Texas Roadhouse restaurant opened in Clarksville, Indiana in 1993.

    5. Texas Roadhouse owns the trademark and service mark "Texas Roadhouse."

    6. Texas Corral Restaurants, Inc. owns the trade name "Texas Corral."

    7. Each of the separate corporate Defendants, Texas Corral Restaurants, Inc., Switzer Properties, LLC, Texcor, Inc., Texas Corral Restaurant II, Inc., T.C. of Michigan City, Inc., and T.C. of Kalamazoo, Inc. and Chicago Roadhouse Concepts, LLC is organized under the laws of the State of Indiana and is presently in good standing.

    8. Each individual defendant, Paul Switzer and Victor Spina, is a resident of and domiciled in the State of Indiana.

    9. Paul Switzer is the President, sole shareholder and sole director of T.C. of Kalamazoo, Inc. and Texas Corral Restaurant II, Inc.

    10. Rebecca Switzer is the sole shareholder of Texas Corral Restaurants, Inc., Texcor, Inc., and T.C. of Michigan City, Inc.

    11. Paul Switzer travels to Michigan approximately twice each month to visit either Texas Corral Restaurant II, Inc. or T.C. Kalamazoo, Inc. and has traveled to Michigan over 100 times since 2010.

---

[1] The parties have filed a Joint Statement of Material Facts (JSMF) in conjunction with their motion briefs (Dkt 59).

12. Paul Switzer is also the domain name registrant and registrant contact, administrator contact, and technical contact for the website accessible at www.texascorral.net.

13. The Texas Corral website is available worldwide and enables viewers to purchase gift cards, join the Texas Corral E-Club, search for restaurant locations, print job applications, submit comments, send messages to Texas Corral, browse the restaurant menu, review a calendared event for each Texas Corral location, and access Texas Corral franchising information.

14. On the "gift cards" page of texascorral.net, any user can purchase Texas Corral gift cards with values ranging between $25.00 and $100.00.

## II. Discussion

Defendants move to dismiss this case pursuant to FED. R. CIV. P. 12(b)(3) for improper venue or alternatively to transfer venue pursuant to 28 U.S.C. § 1404(a), to the Northern District of Indiana.

### A. Improper Venue

When presented with a motion to dismiss for improper venue under Rule 12(b)(3), all well-pled facts in the complaint that pertain to the venue issue must be taken as true unless those facts are controverted by a defendant's affidavits. *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014). All reasonable inferences and factual conflicts must be resolved in favor of the plaintiff in addressing such a motion. *Id.*

Defendants note there is a split of authority as to which party has the burden of proof when a challenge to venue is raised. *See Redd v. Stacer*, No. 1:13–cv–1227, 2014 WL 2478136, at *2 (W.D. Mich. June 3, 2014) (citing *Reilly*, 6 F. Supp. 3d at 765). Regardless, it is undisputed that venue must be "'proper for each claim and as to each defendant in order for the court to retain the action.'" *Pioneer Surgical Tech.*, 2010 WL 2925970, at *2 (quoting *Verbis v. Iowa Dep't of Human Servs.*, 18 F. Supp. 2d 770, 774 (W.D. Mich. 1998)).

The parties agree that the only potential basis for venue in this district under the general venue statute, 28 U.S.C. § 1391, is subsection (b)(2). Proper venue under 28 U.S.C. § 1391(b)(2) requires that a "substantial part of the events or omissions giving rise" to Plaintiff's claims must have occurred in this district. 28 U.S.C. § 1391(b)(2); *see also First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263-64 (6th Cir. 1998). A plaintiff is not required to file a complaint "in the district where the most substantial events giving rise to the claim occurred; rather, venue is proper in 'any forum with a substantial connection to the plaintiff's claim.'" *Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, No. 2:09-CV-271, 2010 WL 2925970, at *3 (W.D. Mich. July 21, 2010) (quoting *First of Mich. Corp.*, 141 F.3d at 263).

Defendants contend that while venue under subsection (b)(2) may be satisfied as to some Defendants, it clearly does not exist as to individual Defendant Victor Spina, who is the owner and officer of Martinsville Corral, Inc., a Texas Corral franchisee operating in Martinsville and Shelbyville, Indiana. Defendants assert that there is no evidence linking Spina or his affiliated corporation to the State of Michigan, let alone the Western District. Thus, the "substantiality" requirement cannot be met as to Defendant Spina.

Defendants argue that for the same reason—a lack of any substantial connection to the Western District of Michigan—venue does not exist as to the Indiana corporations and limited liability companies doing business in Indiana: Switzer Properties, LLC; T.C. of Michigan City, Inc.; Texcor, Inc; and Chicago Roadhouse Concepts, LLC. Switzer Properties is an Indiana corporation owned by non-defendant Rebecca Switzer, operates in Crown Point, Indiana, and has no relationship with the State of Michigan or Texas Corral other than as landlord for a Texas Corral Restaurant operating in Merrillville, Indiana. Likewise, T.C. of Michigan City is an Indiana corporation with

its principal place of business in Indiana and its ties to the State of Michigan mirror those of Switzer Properties. A third entity, Defendant Texcor has maintained offices only in Portage, Indiana and Merrillville, Indiana during the past five years and has no legal affiliation with the other Texas Corral entities other than operating the restaurants in Portage and Merrillville, Indiana. The same circumstances apply to the fourth entity, Defendant Chicago Roadhouse Concepts. It maintains its principal place of business in Schererville, Indiana, and has no license, contract or other agreement relating to the operation of any Texas Corral Restaurant in the State of Michigan.

Defendants argue that the lack of any substantial connection renders venue improper as to these five Defendants. Inasmuch as venue must be proper as to each Defendant and each claim, this case must be, in the Court's discretion, either dismissed without prejudice or transferred to the Northern District of Indiana, Hammond Division (where venue is proper as to all Defendants). *See* 28 U.S.C. § 1406(a).

Plaintiffs state in response that in light of discovery, they do not oppose the dismissal without prejudice of Defendants Victor Spina, Switzer Properties, and Chicago Roadhouse Concepts. Plaintiffs otherwise contend that the motion to dismiss or transfer lacks merit as to the remaining six Defendants[2] since they all use infringing marks and designs to solicit consumers in this district in ways that are likely to cause and have caused confusion in this district. They all participate in the Texas Corral interactive website, accepting gift cards and job applications obtained from the website, and soliciting to the thousands of E-Club members who have joined through the website. They all participate in and benefit from common advertising campaigns targeting residents of this

---

[2] The seventh remaining "Unknown Party" Defendant is not considered for purposes of this motion.

district. Further, four of the defendants, T.C. of Kalamazoo, Texas Corral Restaurants II, Texas Corral Restaurants, and Paul Switzer do not contest the propriety of venue. Plaintiffs assert that venue is clearly proper as to them because they own, manage, operate, or license restaurants within this district that display and otherwise use the infringing trademarks, trade dress, and other intellectual property at issue in this case. Plaintiffs argue that, viewing the facts and all reasonable inferences in their favor, this district has a substantial connection to the claims asserted against the remaining Defendants due to the public confusion and harm to Plaintiffs occurring here.

The parties' positions, and the record, make it clear that venue in this district is not proper as to three, and more likely, five of the defendants. The minimal and remote connection, if any, to the Western District of Michigan renders venue here improper as to Defendants Victor Spina, Switzer Properties, and Chicago Roadhouse Concepts. Likewise, the two Indiana corporate Defendants whose physical operation and presence is exclusive to Indiana, T.C. of Michigan City and Texcor do not have a substantial connection to this district. Plaintiffs' reliance on these Defendants' mere affiliation with the general Texas Corral website is insufficient to support a finding of a substantial connection to this District for purposes of venue under § 1391(b)(2).

Having determined that venue is improper, the Court may (1) dismiss the action under § 1406(a); (2) transfer the entire case under § 1406(a) to another district where venue is proper for all Defendants; or (3) sever the claims in the case, retain jurisdiction over the defendants for whom venue is proper, and transfer the other claims. *See TNR Indus. Doors, Inc. v. PerforMax Group, LLC*, No. 13–13815, 2014 WL 2800750, at *5 (E.D. Mich. June 17, 2014); *see also Pioneer Surgical Tech.*, 2010 WL 2925970, at *6 (citing *First of Mich. Corp.*, 141 F.3d at 262). Given the intertwined nature of the claims, and particularly Plaintiffs' claims of liability by virtue of

Defendants' various participation in the interactive website, the Court does not find that severance of the case as to some Defendants would be practical, efficient or in the interest of justice. *See TNR Indus. Doors, Inc. v. PerforMax Group, LLC*, No. 13–13815, 2014 WL 2800750, at *5 (E.D. Mich. June 17, 2014) ("'When the conduct of a codefendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion.'" (citation omitted)).

Accordingly, this Court may, in its discretion either dismiss the case or transfer it. Defendants concede that the district courts in Indiana have jurisdiction over all Defendants and that transfer of venue to the Northern District of Indiana is appropriate. Given the already lengthy history of this case, the Court determines that this case is properly transferred rather than dismissed.

### B. Transfer under §1404(a)

Even if the Court did not find transfer of this case warranted on the ground of improper venue, the Court concludes that transfer would be appropriate under 28 U.S.C. § 1404(a), considering the case circumstances as a whole. The Court will briefly address this alternative basis for transfer.

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.*, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991); *see also Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

"[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)). Thus, the court should evaluate case-specific factors affecting both private and public interests, including:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006); *see also Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

"[T]he moving party bears the burden of proving why a court should transfer the action." *Steelcase*, 336 F. Supp. 2d at 719. This burden is a heavy one and requires that the moving party show that the factors weigh strongly in favor of transfer. *Id.*

Here, Defendants have made the necessary showing for transfer based on the above factors. In short, as Defendants state, the true locus of this case lies in Indiana, and Indiana is the appropriate forum for efficient and fair resolution of the issues presented. The alleged infringement and confusion stems from the operation of the parties' respective businesses, both of which began in the 1990s with the opening of restaurants in Indiana. The first Texas Roadhouse opened in Indiana in 1993; the first Texas Corral opened in 1996 in Indiana, where six of the nine restaurants it operates are now located. Texas Corral has only two restaurants in Michigan, the first of which opened in

2003. The locus of the allegations in Plaintiffs' complaint originated in Indiana, where much of the proofs logically rest, and which is the most convenient forum for witnesses, and equally or more convenient to the parties. Plaintiffs' claims of alleged confusion stemming from the operation, advertisement and promotion of the Texas Corral restaurants, and more particularly the website, do not weigh in favor of a Michigan forum given the businesses' commencement and significant presence in Indiana.

Other factors, including Plaintiffs' choice of forum and the public interest factors, do not change this result. Texas Roadhouse is incorporated in the State of Delaware and has its principal place of business in Louisville, Kentucky. Plaintiffs have no special association or presence in Michigan as opposed to Indiana. Under these circumstances, Plaintiffs' choice of forum warrants little weight. In sum, Defendants' request to transfer this case would alternatively be granted pursuant to § 1404(a).

### III. Conclusion

For the reasons stated, the Court concludes that this case is properly transferred to the Northern District of Indiana. An Order will enter consistent with this Opinion.


Dated: January 20, 2016        /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge