UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TEXAS ROADHOUSE, INC., and<br>TEXAS ROADHOUSE DELAWARE, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEXAS CORRAL RESTAURANTS, INC.,<br>TEXCOR, INC.,<br>TEXAS CORRAL RESTAURANT II, INC.,<br>T.C. OF MICHIGAN CITY, INC.,<br>T.C. OF KALAMAZOO, INC.,<br>CHICAGO ROADHOUSE CONCEPTS, LLC,<br>T.C. OF OAK LAWN, INC.,<br>T.C. OF HARWOOD HEIGHTS, INC.,<br>TEXAS CORRAL INCORPORATED.,<br>MARTINSVILLE CORRAL, INC., and<br>PAUL SWITZER,<br><br>    Defendants. | Case No. 2:16-CV-28 JVB |

**OPINION AND ORDER**

  The Texas Roadhouse Plaintiffs claim the Texas Corral Defendants infringe on Plaintiffs' trade dress and trademarks, and engage in unfair competition.

  Defendant Paul Switzer moves under Rule 12(b)(6) for dismissal of the federal trade dress infringement claim (Count I) and the federal trademark infringement claim (Count II) for failure to state a claim under the Lanham Act for personal liability. Mr. Switzer also moves for dismissal of the state claims against him for lack of subject-matter jurisdiction following

dismissal of the federal claims.[1] Finally, Mr. Switzer moves for dismissal of Counts III, IV, and IX on the basis of various statutes of limitations.

A.      **Standard for evaluating a motion to dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[2]

As the Supreme Court stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 556).

---

[1] Mr. Switzer does not explicitly state in his motion to dismiss that he seeks failure-to-state-a claim dismissal of the federal copyright claim presented in Count VIII.

[2] In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

The Seventh Circuit synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.     Plaintiffs' second amended complaint**

Plaintiffs Texas Roadhouse, Inc., and Texas Roadhouse Delaware, LLC (collectively "Texas Roadhouse Plaintiffs") attempt to bring the same nine counts against each of 11 named Defendants (collectively "Texas Corral Defendants"). One of these Defendants is an individual: Paul Switzer.

In the second amended complaint, the Texas Roadhouse Plaintiffs make the following claims.

Mr. Switzer owns:

- Texas Corral Restaurant II, Inc.; and
- T.C. of Kalamazoo, Inc.

He is the president of:

- Texas Corral Restaurants, Inc.;
- Texcor, Inc. ("president-CEO");
- T.C. of Michigan City, Inc.;

- Chicago Roadhouse Concepts, LLC; and
- Texas Corral Incorporated.

He, or one or more entities owned or controlled by him, is the licensor to:

- all Texas Corral restaurants found on the Texas Corral website as of a certain date, including the Amarillo Roadhouse restaurant;
- any other entities or individuals that own the Texas Corral or Amarillo Roadhouse restaurant concepts;
- any other entities or individuals that have an ownership interest in any restaurants listed in the second amended complaint and doing business as Texas Corral or Amarillo Roadhouse; and
- any other entities or individuals who may be liable to Texas Roadhouse for the causes of action contained in the second amended complaint.

Mr. Switzer is the domain name registrant for www.texascorral.net (the "Texas Corral website"). He is responsible for the content on that website, including the accused Texas Corral logos. He created, or directed the creation, of that website and he is responsible (directly or indirectly) for adding and updating its content.

The Texas Roadhouse Plaintiffs own all the rights in a family of Texas Roadhouse-related trademarks, service marks, trade names, logos, and designs (collectively "Texas Roadhouse marks"). The Texas Roadhouse Plaintiffs also own all the rights in the image and overall appearance of their restaurants ("Texas Roadhouse trade dress"). Plaintiffs promoted their restaurants under their particular trade dress, marks, and registered work (collectively "Texas Roadhouse IP") for almost 20 years.

But the Texas Corral Defendants operate a restaurant concept "that is markedly similar in appearance to the Texas Roadhouse concept." (Second Am. Compl., DE 95 at 9.) The Texas Corral Defendants use trade dress, trademarks, service marks, trade names, designs, or logos "that are confusingly similar to or copies of the Texas Roadhouse IP." (*Id.*) Plaintiffs never authorized this.

When the Texas Corral Defendants adopted their names and designs, they knew of the Texas Roadhouse IP. Defendants used the Texas Roadhouse IP with the intent to trade on its value and the goodwill it engenders.

Count I brings a claim for trade dress infringement under 15 U.S.C. § 1125(a) and common law.

Count II brings a claim for trademark infringement under 15 U.S.C. §§ 1114 and 1125(a)(1).

Counts III, IV, and V bring claims for trademark infringement under the statutes of Michigan, Indiana, and Illinois, respectively. Count VI brings a claim for trademark infringement under common law.

Count VII brings a claim for violation of the Illinois Deceptive Trade Practices Act.

Count VIII brings a claim for copyright infringement under 17 U.S.C. § 101, *et seq.*

Count IX brings a claim for unfair competition under Michigan, Indiana, and Illinois common law.

## C. Mr. Switzer's motion to dismiss

Mr. Switzer argues the second amended complaint does not allege a claim against him personally. He also argues various statutes of limitations bar various claims.

As a threshold matter, Plaintiffs claim this motion to dismiss is an inappropriate "second bite at the apple." (Plas' Opp'n Mot. Dismiss, DE 116 at 1.) The Court disagrees with Plaintiffs' characterization of the record. After the Western District of Michigan transferred this case here in January 2016, and after Plaintiffs filed their second amended complaint, a minute order (DE 111) entered on July 14, 2016, extended Mr. Switzer's deadline to answer to July 18, 2016. Rule 12(b) says Mr. Switzer could move for Rule 12(b)(6) dismissal "before pleading." Fed. R. Civ. P. 12(b). The record shows he filed his motion on July 18, 2016, before filing an answer on the same date. The Court sees no reason to disallow his motion as untimely or inappropriate.

## D. Individual liability

Mr. Switzer argues that Counts I and II of the second amended complaint fail to state a claim against him in his individual capacity. The parties, and more importantly the Court, agree that the Seventh Circuit's 1926 decision in *Dangler*, and its progeny, remain valid.

A corporate officer generally is not individually liable for the actions of the corporation. *See, e.g., York Ctr. Park Dist. v. Krilich*, 40 F.3d 205, 208 (7th Cir. 1994). But individual liability in certain situations is possible. *See, e.g., Baumann Farms, LLP v. Yin Wall City, Inc.*, No. 16-CV-605, 2016 WL 6989799 (E.D. Wisc. Nov. 29, 2016).

In *Dangler*, the Seventh Circuit held that "in the absence of some special showing, the managing officers of a corporation are not liable for the infringements of such corporation,

6

though committed under their general direction." *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926).

The Court further explained:

> It is when the officer acts willfully and knowingly—that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability—that officers are held jointly with the company. The foregoing are by no means cited as the only instances when the officers may be held liable, but they are sufficient for the present case.

*Id.*

The Court concluded that the case before it was "the usual one where a bona fide corporation embarked on a business which it found was covered by numerous patents" and that the showing fell "far short" of establishing the liability of an individual officer. *Id.* at 948.

In 1998, a sister district within the Seventh Circuit recognized that *Dangler* remained the law of this Circuit and also accorded with decisions of the United States Court of Appeals for the Federal Circuit. *Drink Group, Inc., v. Gulfstream Commc'ns, Inc.*, 7 F. Supp. 2d 1009, 1010 (N.D. Ill. 1998).

In *Drink Group*, the court held that the plaintiff failed to allege any facts demonstrating wrongdoing by the individual defendants. *Id.* at 1010–11. The mere fact that individual defendants incorporated the accused entity was "innocuous in the absence of allegations that, at the time of incorporation, they were motivated by some improper purpose or acting outside the scope of their corporate duties." *Id.* at 1011. The court held

7

that other allegations against the individual defendants were merely conclusory statements without supporting facts. *Id.*

Here, however, Plaintiffs plead enough facts to make a special showing to support individual liability sufficient to survive the motion to dismiss. The second amended complaint shows the plausibility of Mr. Switzer's individual liability.

Plaintiffs do not merely claim Mr. Switzer owned the Defendant entities or exercised only general control over them. Rather, Plaintiffs claim he is the domain name registrant for the Texas Corral website, he created or directed the creation of that website, he is responsible for the content found on that website including the accused Texas Corral logos, and he is responsible for adding and updating the content on that website.

Moreover, Plaintiffs allege facts supporting the existence of a situation in which Mr. Switzer owns and controls restaurants centered on an allegedly infringing identity. In other words, if the Court accepts Plaintiffs well-plead factual allegations as true, as it must at this stage, then this is a situation in which Plaintiffs accuse the very heart, essence, and model of the Defendants' businesses of infringement and other wrongs.

This is (allegedly) not a situation in which an individual started a bona fide corporation which innocently embarked on business only to find out later that it might have committed some incidental trademark infringements. Instead, Plaintiffs allege that the Texas Corral Defendants (including Mr. Switzer) knew of the Texas Roadhouse IP when they adopted the Texas Corral names and designs, that the Defendants (including Mr. Switzer) used the Texas Roadhouse IP with the intent to trade on its value, and that

8

the Defendants (including Mr. Switzer) profited by the acts of infringement and unfair competition.

Accepting these factual allegations as true at this stage, and drawing all reasonable inferences in Plaintiffs' favor, the Court concludes that individual liability is plausible. Maybe it will turn out Plaintiffs actually cannot prove the facts necessary to satisfy the "special showing" for individual liability. But that is an issue for the summary judgment or trial stages.

**E.    Statutes of limitations**

Mr. Switzer argues various statutes of limitations bar various claims against him. But a statute-of-limitations defense ordinarily is better suited for a motion for summary judgment than for a motion to dismiss. *See Koch v. CGM Grp.*, No. TH00-0216-C-M/H, 2001 WL 392523, at *4 (S.D. Ind. Apr. 3, 2001).

There might be fact-specific reasons the statutes of limitations don't apply, or the clocks haven't started to run, or clocks are tolled. A statute of limitations "is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint." *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993).

Although a plaintiff might plead himself out of court by alleging facts establishing a clear and definitive basis for dismissal pursuant to a statute of limitations, Plaintiffs did not do that here.

**F.     Conclusion**

The Court therefore **DENIES** Mr. Switzer's motion to dismiss (DE 112).

 **SO ORDERED** on March 31, 2017.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE