# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TEXAS ROADHOUSE, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO.: 2:16-CV-28-JVB-PRC ) |
| TEXAS CORRAL RESTAURANTS, INC., et al., | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiffs' Motion to Seal Unredacted Statement of Fees and Certain Exhibits [DE 208], filed by Plaintiffs on April 18, 2017.

On April 4, 2017, the Court granted in part and denied without prejudice in part a motion to compel filed by Plaintiffs. Pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court awarded Plaintiffs two-thirds of the reasonable expenses they incurred in bringing the Motion to Compel and ordered Plaintiffs to file a verified statement of reasonable expenses.

On April 18, 2017, Plaintiffs filed openly on the docket a redacted Plaintiffs' Statement of Expenses for September 22, 2016 Motion to Compel [DE 209] and instant Motion to Seal and filed under seal an unredacted Plaintiffs' Statement of Expenses for September 22, 2016 Motion to Compel [DE 210]. Attached to the unredacted version are six exhibits, also under seal: five partially redacted invoices and a spreadsheet of expenses for the Motion to Compel. Three additional exhibits were filed openly at docket entry 211.

Northern District of Indiana Local Rule 5-3 provides that "[t]he clerk may not maintain a filing under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). The general presumption is that judicial records are public, but this can be overridden when

"the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The bar is quite high: "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification" by the Court. *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945. Further, and notwithstanding the parties' agreement, the decision of whether good cause exists to file a document under seal rests solely with the Court. *Id.* ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.").

In support of their Motion to Seal, Plaintiffs state that the hourly rates of their counsel is not generally known to the public and that Plaintiffs' counsel seeks to avoid the disclosure of such information. Plaintiffs cite to this Court's Opinion in Order in *Swarthout v. Tyla Teleservices, Inc.*, which stated that good cause for sealing documents "may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information." No. 4:11-cv-21, 2012 WL 5361756, *2 (N.D. Ind. Oct. 30, 2012) (citing *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 546 (7th Cir. 2002); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05–CV-1221, 2008 WL 4722336, at *9–10 (E.D.Wis. Oct. 24, 2008)). Plaintiffs provide no argument that *Swarthout* is factually similar, and indeed *Swarthout* does not support a finding of good cause for sealing the hourly rates of Plaintiffs' counsel here.

In *Swarthout*, the parties wished to file under seal various documents related to a proposed settlement agreement for which they were seeking Court approval and an Unopposed Motion for Attorneys' Fees and its accompanying paperwork. This Court specifically noted in that case that none of the cases cited by the parties allowed for the filing under seal of the motion for attorney fees and its supporting documentation. The Court ultimately permitted the redaction of certain dollar amounts on the basis that they were tied to the confidential settlement amount and thus could enable an approximate calculation of the amount. The amounts that Plaintiffs seek to redact in the instant matter bear no relation to a confidential settlement amount.

More factually similar is *Gracia v. SigmaTron Int'l, Inc.*, No. 11 C 07604, 2016 WL 6892861 (N.D. Ill. Nov. 23, 2016). In *Gracia*, a party sought to have sealed a document that revealed the number of a law firm's attorneys that represented the party, those attorneys' hourly rates, and the fees that the party had paid the law firm for its defense of the litigation. *Id.* at *9. The *Gracia* court denied the motion because the party did not cite any authority that supported keeping the information under seal and because the information was pertinent to the underlying fee request.[1] *Id.*

Plaintiffs have not justified their request for maintaining the unredacted Statement of Expenses and its accompanying exhibits under seal. Good cause to grant the Motion has not been shown.

Based on the foregoing, the Court hereby **DENIES** the Plaintiffs' Motion to Seal Unredacted Statement of Fees and Certain Exhibits [DE 208]. The Court **STRIKES** the Plaintiffs' Statement

---

[1] In *Gracia*, it was the opposing party who was seeking fees. Though in the instant matter it is the same party seeking fees as seeking to retain hourly rates under seal, this difference only makes the argument stronger here for not allowing the documents to remain under seal.

of Expenses for September 22, 2016 Motion to Compel [DE 210]. The Court **GRANTS LEAVE** for Plaintiffs to file, on or before **April 24, 2017**, an unredacted verified statement of reasonable expenses, including attorneys fees, incurred in making the Plaintiffs' Motion to Compel Discovery [DE 123]. Invoices, if included as exhibits, may redact billing entries for which an award is not sought. The Court defers determination as to whether invoice entries for which an award is sought may be partially redacted. The Court **ADVISES** Plaintiffs that, if they do not file a verified statement by the deadline, the Court will deem Plaintiffs to have abandoned their request for reasonable expenses.

SO ORDERED this 19th day of April, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT