IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Texas Roadhouse, Inc. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.:  2:16-cv-00028-JVB-PRC |
| vs. | ) |
| | ) |
| Texas Corral Restaurants, Inc. et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT PAUL SWITZER'S MOTION TO HAVE REQUESTS PREVIOUSLY DEEMED ADMITTED BY LAW BE WITHDRAWN AND/OR AMENDED**

Defendant Paul Switzer's Motion To Have Requests Previously Deemed Admitted by Law Be Withdrawn and/or Amended, D/E 222 ("Motion to Withdraw Admissions"), should be denied. Defendant Switzer acted in bad faith by failing to respond to Plaintiffs' Requests for Admissions based on a position that is contrary to law. Despite the fact that Plaintiffs promptly advised Defendant Switzer of the consequences of his failure to respond, he did not do so. As a result, the matters in the Requests for Admission have been admitted by Mr. Switzer since September 2016.

Defendant Switzer's Motion to Withdraw Admissions is also untimely. Even after the Court's April 4, 2017 Order granted Plaintiffs' motion to compel discovery from Defendant Switzer and held that he had admitted Plaintiffs' Requests for Admission by operation of Rule 36, Defendant Switzer did not attempt to amend his responses to the Requests for Admissions until after a May 18, 2017 letter from Plaintiffs indicating they intended to rely on the admissions. Thus, six weeks after the Court's April 4 Order, Defendant Switzer brought the present Motion to Withdraw Admissions along with his "draft answers" to the Requests for Admission served on him 10 months ago.

1

Given Defendants' disregard for the Federal Rules and delay, denial of the Motion to Withdraw Admissions is warranted and proper. If the motion is not denied, however, Defendants should be awarded their expenses and costs of relying on the admissions in planning their discovery and summary judgment strategy in accordance with Rule 36.

## FACTUAL BACKGROUND

Plaintiffs served Requests for Admission on Defendant Switzer on August 3, 2016. *See* D/E 125-3 (Plaintiff Texas Roadhouse, Inc.'s First Set of Requests for Admission to Defendant Paul Switzer). Defendant Switzer did not respond to these requests, contending that his responses were unnecessary and duplicative. *See, e.g.*, Exhibit 1 (Sept. 7, 2016, e-mail from Joan Long) ("We believe plaintiffs' instance that Mr. Switzer provide duplicative individual responses to discovery requests will only serve to increase the time and cost for Defendant without any gain in discovery for the plaintiff."). Plaintiffs informed Defendants that this contention was contrary to law. *See, e.g.*, *id*. (Sept. 7, 2016, e-mail from Scott Eidson) ("Mr. Switzer is a party in suit and a witness with facts relevant to the claims and defenses of the parties. As such, he is not free [] from the requirements of Fed. R. Civ. P. 36 or other discovery obligations."). Yet Defendants maintained their legally baseless position.

Consequently, Plaintiffs brought a Motion to Compel Discovery, including discovery from Defendant Switzer, who had not responded to any discovery in his individual capacity. D/E 123. On April 4, 2017, the Court granted Plaintiffs' motion to compel discovery from Defendant Switzer.[1] D/E 201.

---

[1] On March 31, 2017, the Court had denied Defendant Switzer's motion to dismiss. D/E 199.

The Court's April 4 Order emphasized that Defendants, including Defendant Switzer, made a deliberate "choice" not to provide responses from Defendant Switzer to Plaintiffs' discovery requests:

> Common to all of these written discovery disputes is Switzer's failure to respond to the discovery as requested. Though Switzer filed a Motion to Dismiss prior to the filing of the Motion to Compel, Switzer did not file a motion to stay discovery as to him during the pendency of the Motion to Dismiss.
>
> \*\*\*
>
> [T]he argument regarding proportionality is not well-taken. *It was Switzer's choice to answer the interrogatories only in his official and shareholder capacities.* Switzer was and continues to be a named Defendant in this cause of action.
>
> \*\*\*
>
> *[I]t was Defendants who chose to answer these discovery requests [for production of documents] on behalf of all of Defendants other than Switzer instead of on behalf of Switzer, the party to whom the requests were specifically directed.*
>
> \*\*\*
>
> As with the Requests for Production, despite this discovery request being explicitly directed to Switzer, *all of the defendants except Switzer responded to the requests, noting that the responses provided "shall be on behalf of one or more of the Defendants (as defined herein)."* "Defendants" is defined in the response as being all of the Defendants except for Switzer.

D/E 201 at 4-6 (emphasis added).

Accordingly, with respect to Plaintiffs' Requests for Admissions to Defendant Switzer, the Court's April 4 Order held that "the remedy" for the failure to respond is that the matters at issue in the Requests for Admissions were admitted: "Switzer did not respond within the time allotted. By operation of Rule 36(a)(3), he has admitted the matters addressed in the Requests for Admission." D/E 201 at 6.

## LEGAL STANDARD

The Court has discretion to allow withdrawal or amendment of admissions only if (1) the withdrawal or amendment would promote the presentation of the merits of the action, and (2) allowing the withdrawal or amendment would not prejudice the party that obtained the admission. Fed. R. Civ. P. 36(b); *see also Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005) ("A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced.").

The law is clear that the Court retains discretion to deny a motion to withdraw admissions, even if the movant satisfies these two factors. *See United States v. Kasuboski*, 834 F.2d 1345, 1350 n.7 (7th Cir. 1987) ("Rule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991) ("The court is not required to allow withdrawal of an admission even if both the merits and prejudice issues cut in favor of the party seeking the withdrawal."); *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 661 (E.D. Va. 1999) ("Clearly, no absolute right to withdraw admissions exists"); *see also Momient v. Northwest Collectors, Inc.*, 666 Fed. Appx. 531, 536 (7th Cir. 2016) (upholding the district court's exercise of discretion in deeming requests for admission admitted when a party provided responses to RFAs on the next business day after it missed the deadline, despite finding the result "harsh"). Here, the Motion to Withdraw Admissions should be denied.

## ARGUMENT

First, contrary to the assertions in the Motion to Withdraw Admissions (D/E 223 at 5-6),

4

Defendant Switzer acted in bad faith by failing to respond to Plaintiffs' Requests for Admission. Unlike in many of the cases cited in support of the Motion to Withdraw Admissions, Defendant Switzer did not inadvertently miss the deadline to respond to Plaintiffs' Requests for Admission, nor did Defendant Switzer make some other excusable mistake in failing to respond.[2] Instead, Defendant Switzer knowingly, deliberately, and strategically ignored the deadline to respond based on the pending motion to dismiss him as a Defendant. D/E 223 at 5-6. Furthermore, Defendant Switzer did so despite authority that a pending motion to dismiss does not excuse a defendant's responsibility to respond to discovery. *See* Plaintiffs' Reply in Support of Their Motion to Compel, D/E 140, at 3-4.

Courts have refused to allow parties to withdraw default admissions under similar circumstances. For example, in *O'Neill v. Medad*, defendants declined to respond to plaintiff's request for admissions, asserting that a response was not required because the request was served after the discovery cut-off date. 166 F.R.D. 19 (E.D. Mich. 1996). Because requests for admissions are not subject to discovery cut-off dates, and because responses were not served within thirty days as required by Rule 36(a), the requests for admissions were deemed admitted by default. *Id.* at 22. In declining to permit amendment or withdrawal of the admissions, the court focused exclusively on the fact that defendants made an intentional, strategic decision not to respond to the request for admissions:

> In this case, Defendants' conduct was purposeful. They have not claimed that they needed more time, or that someone made a mistake by not responding promptly. Rather, Defendants made a strategic decision not to respond to the request for

---

[2] Courts in this Circuit have found the lack of a mistake concerning when a party moves to withdraw admissions. *See Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, at *3 (N.D. Ill. July 20, 2006) ("[O]ne of the most troubling aspects of Defendants' motion to withdraw is that they do not offer any reason for their failure to respond to the requests to admit . . . They fail to point to *any justifiable delay such as mistake or inadvertence* and remain silent as to the cause of their inaction." (emphasis added)).

5

>admissions based on a spurious theory that the request was late. Defendants did not file a motion to strike the request based on their timeliness argument, nor did they file a motion to extend the time within which to respond. In fact, Defendants affirmed their position in their October 27 letter to Plaintiff. Defendants did not apprise the Court of their position until Plaintiff filed the motion to affirm the admissions. Defendants willfully, knowingly and intentionally did not respond to the request for admissions. *Defendants cannot expect to make a strategic decision which flouts Rule 36 without suffering practical consequences.*

*Id.* at 22-23 (emphasis added).

Similarly, in *Zimmerman v. Cambridge Credit Counseling Corp.*, the court refused to permit withdrawal of admissions despite the fact that allowing the admissions to stand would prevent the defendants from contesting key issues in the case. 529 F. Supp. 2d 254, 267 (D. Mass. 2008). The court reasoned that "[a]ny concern about subverting the presentation of the merits vanishes in this case . . . in the face of strong evidence . . . that the decision not to respond to the RFAs was deliberate and constituted a tactical decision." *Id.*

Further, the statements in the Motion to Withdraw that "Defendants answered the requests on behalf of Mr. Switzer" (D/E 223 at 1) and the "*remaining Defendants* answered on behalf of Mr. Switzer" (*id*. at 5) are simply false, as indicated by the Court's April 4 Order:

>As with the Requests for Production, despite this discovery request being explicitly directed to Switzer, all of the defendants except Switzer responded to the requests, noting that the responses provided "shall be on behalf of one or more of the Defendants (as defined herein)." "Defendants" is defined in the response as being all of the Defendants except for Switzer.

April 4, 2017 Order, D/E 201, at 5-6. Mr. Switzer was and is a defendant—there were no "*remaining defendants*" just because Mr. Switzer had moved to dismiss: "Switzer was and continues to be a named Defendant in this cause of action." *Id*. at 4.

Second, Defendant Switzer's unexplained delay in bringing the Motion to Withdraw

6

should weigh in favor of its denial. "Significant delay is an important consideration for courts under Rule 36(b)." *Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2006 WL 2088194, at *3 (N.D. Ill. July 20, 2006); *see also Craft v. Flagg*, No. 06 C 1451, 2009 WL 762461, at *3 (N.D. Ill. Mar. 20, 2009) (noting that plaintiffs waited six weeks to file a motion to withdraw admissions after 60-day late responses, "long after Defendants had reminded them of the consequences of their delays"*)*; *F.D.I.C. v. Senkovich*, 806 F. Supp. 245, 250 (M.D. Fla. 1992) (holding that the failure to promptly correct a "mistaken" admission contributed to the court's denial of motion for relief from admissions).

The Motion to Withdraw Admissions was filed more than six weeks after the Court's April 4, 2017 Order ruling that Mr. Switzer had admitted all of Plaintiffs' Requests for Admission by operation of Federal Rule of Civil Procedure 36. *See* April 4, 2017 Order, D/E 201, at 6 ("Switzer did not respond within the time allotted. By operation of Rule 36(a)(3), he has admitted the matters addressed in the Requests for Admission."). The Motion to Withdraw Admissions was also brought only one day after Plaintiffs' counsel sent a letter notifying Defendants of the deficiencies in Mr. Switzer's discovery responses provided on May 4, 2017 based on the Court's April 4 Order. *See* Exhibit 2 (May 18, 2017 Letter to P. Fardy from K. Moerke). Plaintiffs' May 18 letter indicated that Plaintiffs intend to rely on Mr. Switzer's admissions such that the matters addressed in Plaintiffs' Requests for Admission will not be addressed via evidence at trial. *See id.* at 2. Thus, it appears that Defendants failed to appreciate the legal significance of the Court's April 4 Order with respect to Defendant Switzer's admissions to Plaintiffs' Requests for Admission until receiving Plaintiff's May 18 letter. Only

7

after Defendants appreciated these consequences, did they bring the instant motion.[3]

Finally, with respect to the merits of this action, Plaintiffs believe the deemed admissions to Plaintiff's Requests for Admission to Defendant Switzer are true or likely to be true. In addition, although the discovery period is not over, the fact discovery deadline is July 31 and Plaintiffs have relied on the admissions in formulating their discovery and summary judgment strategy following the Court's April 4 Order.[4] Nonetheless, to the extent that the Court might find these two factors (merits and prejudice) satisfied, the Court is not required to grant the Motion to Withdraw Admissions. *See Ropfogel*, 138 F.R.D. at 582 ("The court is not required to allow withdrawal of an admission even if both the merits and prejudice issues cut in favor of the party seeking the withdrawal."). Given Defendant Switzer's bad faith in deliberately choosing not to respond to Plaintiffs' Requests for Admissions, the Motion to Withdraw Admissions should be denied.[5]

## CONCLUSION

For the reasons set forth above, Plaintiffs request that the Motion to Withdraw Admissions be denied. If the Motion is not denied, however, Defendants should be awarded their expenses and costs of relying on the admissions to the Requests for Admission in planning their discovery and summary judgment strategy in accordance with Rule 36.

---

[3] Defendants were represented by counsel when Defendant Switzer made the strategic determination not to respond to Plaintiffs' Requests for Admission and when the Court's April 4 Order explained that, "[b]y operation of Rule 36(a)(3), [Switzer] has admitted the matters addressed in the Requests for Admission." D/E 201 at 6.

[4] Mr. Switzer's deposition is scheduled for June 30, 2017. Plaintiffs' preparation for his deposition will necessarily differ whether Defendants' Motion to Withdraw Admissions is granted or denied.

[5] If the motion is not denied, an award of expenses and costs is warranted. *See, e.g.*, *Van Hoose v. Nucor Corporation*, No. 1:06-cv-01565, 2007 WL 2898697, at *2 (S.D. Ind. Apr. 13, 2007) (ordering reimbursement of costs based on prejudice of relying on admissions in preparing summary judgment motion).

Dated:  June 2, 2017

Respectfully submitted,

By: /s/  Julie C. Scheipeter

STINSON LEONARD STREET LLP

B. Scott Eidson (*pro hac vice*)
Samir Mehta (*pro hac vice*)
Julie Scheipeter (*pro hac vice*)
7700 Forsyth Blvd, Suite 1100
St. Louis, MO  63105
(314) 863-0080 (telephone)
(314) 863-9388 (facsimile)
scott.eidson@stinson.com
samir.mehta@stinson.com

Katherine A. Moerke (*pro hac vice*)
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657
katie.moerke@stinson.com

Colin W. Turner (*pro hac vice*)
1201 Walnut Street, Suite 2900
Kansas City, MO  64106
(816) 842-8600 (telephone)
(816) 691.3495 (facsimile)
colin.turner@stinson.com

*and*

GUTWEIN LAW

Michael R. Hartman
Joe Delehanty
250 Main Street, Suite 590
Lafayette, IN  47901
(765) 423-7900
(765) 423-7901 (facsimile)
michael.hartman@gutweinlaw.com
joe.delehanty@gutweinlaw.com

*Attorneys for Plaintiffs Texas Roadhouse, Inc. and Texas Roadhouse Delaware LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2017, the foregoing document was filed electronically and served upon all counsel of record via the Court's CM/ECF filing system.

/s/ Julie C. Scheipeter

CORE/0832617.0123/133327124.1