**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

TEXAS ROADHOUSE, INC., and
TEXAS ROADHOUSE DELAWARE, LLC,

      Plaintiffs,

      v.

TEXAS CORRAL RESTAURANTS, INC.,
TEXCOR, INC.,
TEXAS CORRAL RESTAURANT II, INC.,
T.C. OF MICHIGAN CITY, INC.,
T.C. OF KALAMAZOO, INC.,
CHICAGO ROADHOUSE CONCEPTS,
LLC,
T.C. OF OAK LAWN, INC.,
T.C. OF HARWOOD HEIGHTS, INC.,
TEXAS CORRAL INCORPORATED.,
MARTINSVILLE CORRAL, INC., and
PAUL SWITZER,

      Defendants.

Case No. 2:16-CV-28 JVB

**OPINION AND ORDER**

The Texas Roadhouse Plaintiffs claim the Texas Corral Defendants copied them.

Defendants move under Federal Rule of Civil Procedure 42(b) to bifurcate liability from

damages for discovery and trial. (DE 121.)

**A.    Law**

Rule 42(b) allows, but does not require, trial courts to bifurcate in certain circumstances:

> For convenience, to avoid prejudice, or to expedite and economize, the court
> may order a separate trial of one or more separate issues, claims,
> crossclaims, counterclaims, or third-party claims. When ordering a separate
> trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

The moving party has the burden to show bifurcation is proper. *See Toney v. Accor N. Am.*, 2010 WL 2162626, at *1 (N.D. Ind. May 27, 2010). Bifurcation is the exception, not the rule. *See Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). A court should order separate trials only in extenuating circumstances. *See id.* at 621.

The Seventh Circuit articulated a three-step test for determining when to bifurcate:

> First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment.

*Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (internal citations omitted).

Trial courts should "balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). The decision of whether to bifurcate rests with the discretion of the trial court. *Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000).

**B.    Analysis**

**(1)    *Step One: Would bifurcation avoid prejudice to the Texas Corral Defendants, or promote judicial economy?***

(a)    *Prejudice to the Texas Corral Defendants*

When "weighing the competing equities under Rule 42(b), prejudice is the Court's most important consideration." *Real*, 195 F.R.D. at 621.

The Texas Corral Defendants argue that the Texas Roadhouse Plaintiffs claim multiple and alternative theories for damages. Defendants argue that the damages issues are complex, and that addressing and resolving the issue of liability first will either render the damages issues moot or narrowed. Defendants claim they (and Plaintiffs and the Court) will save substantial time "by bypassing speculative and complex damages calculations" (DE 121 at 2) and addressing damages in a focused manner, if at all, only after resolution of liability.

Indeed, Defendants claim they will probably prevail regarding liability, thereby eliminating the issue of damages. Moreover, Defendants cite a law review article for the proposition that only 5.5% of all Lanham Act cases decided between 1947 and 2005 resulted in monetary damages.

Defendants claim resolution of the damages issue will require separate evidence and, likely, experts. Defendants also claim that discovery regarding damages before resolution of liability will delay resolution of liability, including a delay of potential dispositive motions. Defendants also claim prejudice in the form of jury confusion absent bifurcation.

Finally, Defendants claim prejudice absent bifurcation in the form of potential irreparable harm if they have to disclose confidential financial information to their competitors.

The Texas Roadhouse Plaintiffs counter that the issues in this case are not as complex as Defendants frame them. Plaintiffs point out that Defendants act like a single entity, at least in this litigation. They share counsel and they conduct discovery in a nearly-identical manner. Plaintiffs further point out that Defendants have only identified three Texas Corral witnesses with knowledge of this case on behalf of all eleven Texas Corral Defendants. Plaintiffs argue Defendants have provided virtually no discovery offering distinct facts, circumstances, evidence, or witnesses particular to each Defendant. Plaintiffs also note that the parties already agreed that trial in this matter would only take eight days, even absent bifurcation. These points would tend to mitigate the prejudice to Defendants regarding discovery and trial if the Court does not bifurcate.

In fact, Plaintiffs argue that bifurcation would *increase* the prejudice to Defendants by forcing each witness with testimony regarding damages and liability to be deposed twice, and by exacerbating the proliferation of discovery motions.

Plaintiffs do not address Defendants' claim that forcing them to divulge confidential financial information when the liability determination might render that information irrelevant would result in prejudice.

The Court concludes that bifurcation might avoid *some* prejudice to the Texas Corral Defendants. But Defendants have not shown that, absent bifurcation, they would suffer the kind of substantial, exceptional, extenuating prejudice which would justify bifurcation.

(b)     *Judicial economy*

Many of Defendants' arguments regarding prejudice to the defense also apply to the issue of judicial economy. In short, Defendants argue that resolution of liability first will likely render resolution of damages unnecessary, or will at least streamline and focus the remaining damages issues.

The Court is not convinced. It seems as likely that bifurcation would result in further protracted discovery disputes, duplicative written discovery, and depositions of the same witnesses twice. Also, of course, bifurcation might require two trials.

**(2)     *Step Two: Would bifurcation unfairly prejudice the Texas Roadhouse Plaintiffs?***

The Texas Roadhouse Plaintiffs argue that bifurcation would unfairly prejudice them by duplicating discovery, increasing the money and time incurred in litigation, and delaying the ultimate resolution of this case.

Plaintiffs' points in this regard are sound. Defendants failed to satisfy their burden to show that bifurcation would not unfairly prejudice Plaintiffs.

**(3)     *Step Three: Would bifurcation violate the Seventh Amendment?***

As neither side addressed this issue in detail, and as the Texas Corral Defendants failed to carry their burden regarding the prior steps, the Court need not resolve this issue.

**C.     Conclusion**

The Court denies the motion to bifurcate (DE 121).

**SO ORDERED** on June 5, 2017.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT