# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TEXAS ROADHOUSE, INC., et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:16-CV-28-JVB-PRC |
| ) | |
| TEXAS CORRAL RESTAURANTS, INC., et al., ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Defendants' Motion to Compel the Depositions of Scott Colosi and Chris Jacobsen [DE 159] filed by Defendants on February 16, 2017. Plaintiffs Texas Roadhouse, Inc. and Texas Roadhouse Delaware LLC filed a response on March 7, 2017, and Plaintiffs filed a reply on March 13, 2017.

In their Second Amended Complaint, Plaintiffs allege that Defendants infringed on Plaintiffs' intellectual property rights, including trade dress, trademark, and copyright infringement.

Defendants requested depositions of Texas Roadhouse President Scott Colosi and Chief Marketing Officer Chris Jacobsen. Plaintiffs refused to make Colosi and Jacobsen available for depositions. As a result, Defendants filed the instant motion.

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Federal Rule of Civil

Procedure 30(a) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). No party has indicated that any of the exceptions of Rule 30(a)(2) apply in this case.

In light of the potential cost and burden in deposing high-ranking executives, it is appropriate in some circumstances to restrict efforts to depose senior executives. *See Patterson v. Amery Dennison Corp.*, 281 F.3d 676, 681–82 (7th Cir.2002). In determining whether to compel such a deposition, courts often focus on whether the senior executive possesses unique, specialized, or personal knowledge relevant to the litigation. *See e.g., id.*; *In re Pradaxa Prods. Liab. Litig.*, No. 3:12-md-02385, 2014 WL 257566, at *2 (S.D. Ill. Jan 23, 2014).

Defendants present evidence that Colosi publicly stated in a review that a particular construction company knows the needs of Texas Roadhouse. Many of the trade dress elements at the heart of this case are construction matters at issue in this review. By publicly stating that this company knows Plaintiffs' needs, Colosi is implying that he also knows these needs because this knowledge is a logical part of being able to judge others' knowledge of the same. Defendants also present a declaration made under penalty of perjury by Colosi in a different proceeding, but that declaration is made based on personal knowledge *and* on review of company documents.

Regarding Jacobsen, Defendants only argue that Jacobsen oversees a large marketing organization and that he is therefore uniquely qualified to discuss Plaintiffs' marketing efforts related to protecting the Texas Roadhouse brand. Defendants assume that Jacobsen must know something relevant, but they have not provided any evidence to suggest that this is the case.

Plaintiffs argue that the depositions would be "a costly waste of time," (Resp. at 7, ECF No. 178), and impose an undue burden on Plaintiffs' business. Plaintiffs disclosed neither Colosi nor

2

Jacobsen as persons with knowledge of the relevant facts and issues in the case. Plaintiffs have submitted affidavits from Colosi and Jacobsen stating that neither executive has unique or personal knowledge about the facts underlying the claims and defenses in this lawsuit. Further, Jacobsen, in his affidavit, identifies two employees who are able to testify about relevant marketing matters in this case. However, Plaintiffs chose to initiate this lawsuit, so the financially and emotionally taxing undertaking of litigating in federal court is of their own making. *See Modern Fence Techs., Inc. v. Qualipac Home Improvement Corp.*, No. 08-C-0543, 2011 WL 2532486, at *10 (E.D. Wis. June 24, 2011).

The amount in controversy in this case is not specifically noted by either party in the briefing, but this case involves two national restaurant chains.

The deposition of Colosi is proportional to the needs of the case, considering the importance of the trade dress elements to this case, the amount in controversy, Defendants' showing that Colosi has personal knowledge relevant to this matter, and no other specific individuals being identified as having this knowledge.

The deposition of Jacobsen is not proportional to the needs of the case. Though marketing matters regarding the trade dress elements is important to the resolution of this case, the importance of the deposition in resolving this matter is low in light of the evidence showing that Jacobsen has no unique or personal knowledge of the matter. The burden on Plaintiffs to produce Jacobsen would be unduly great, and Jacobsen has identified others who can testify on the issue, so there is another avenue by which Defendants can gain access to this information. To the extent Defendants seek the business reasoning behind Plaintiffs' protection of their brand and development of intellectual

property, this matter is relevant, but it is not proportional for Defendants to obtain this information through deposition of Jacobsen.

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Defendants' Motion to Compel the Depositions of Scott Colosi and Chris Jacobsen [DE 159]. The Court **ORDERS** Plaintiffs to produce Scott Colosi for deposition.

The Court **DECLINES** to award reasonable expenses for this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(C).

So ORDERED this 7th day of June, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT