# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

TEXAS ROADHOUSE, INC., et al.,     )
                            Plaintiffs,     )
                                        )
     v.                               ) CAUSE NO.: 2:16-CV-28-JVB-PRC
                                        )
TEXAS CORRAL RESTAURANTS, INC., et al.,   )
                        Defendants.     )

## OPINION AND ORDER

This matter is before the Court on a Defendant Paul Switzer's Motion to Have Requests Previously Deemed Admitted by Law Be Withdrawn and/or Amended [DE 222] filed on May 19, 2017. Plaintiffs filed a response on June 2, 2017, and Defendant Switzer filed a reply on June 8, 2017. For the reasons stated below, the Court grants the Motion.

On July 18, 2016, Defendant Switzer filed a Motion to Dismiss the claims pending against him. On August 3, 2016, Plaintiffs served Requests for Admissions on Defendant Switzer. The Motion to Dismiss was denied on March 31, 2017. On April 4, 2017, in ruling on a Motion to Compel, the Court informed the parties that, due to Defendant Switzer's failure to respond to the Requests for Admission and by operation of Rule 36(a)(3), Defendant Switzer had admitted the matters addressed in the Requests for Admission. Defendant Switzer now asks to withdraw those admissions.

Pursuant to Federal Rule of Civil Procedure 36(a), if a matter is requested to be admitted pursuant to that Rule, the matter is deemed admitted if the party to whom the request is directed does not serve on the requesting party a written answer or objection to the request within thirty days. *See* Fed. R. Civ. P. 36(a).

A party may seek relief from matters deemed admitted by filing a motion with the Court asking to permit the withdrawal or amendment of the admissions. *Id.* at 36(b); *see also Banos v. City of Chi*, 398 F.3d 889, 892 (7th Cir. 2005). According to Rule 36, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Rule 36(b) further provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

It is pursuant to Rule 36(b) that Defendant Switzer files his Motion to Withdraw Admissions. Defendant Switzer admits that he did not serve timely responses to the Requests for Admission and indicates that he did not respond to the Requests for Admission because of his pending Motion to Dismiss. As the Court made clear in its April 4, 2017 Opinion and Order, Defendant Switzer was mistaken in his assumption that the pending Motion to Dismiss relieved him of any need to participate in discovery.

Regarding presentation of the merits, Defendant Switzer argues that permitting the withdrawal of his admissions would promote the presentation of the merits of this action. The matters addressed in the Requests for Admission are central to the issues in dispute. Plaintiffs counter that they believe the admissions likely to be the truth, and therefore withdrawal of the admissions is not necessary in order to present the merits of this action. That Plaintiffs and Defendant Switzer disagree about matters central to the case is unsurprising. Despite Plaintiffs' contention to the contrary, allowing Defendant Switzer to withdraw his admissions will promote the presentation of this action on the merits.

Regarding prejudice, "[h]aving to prove one's case on the merits is not the type of prejudice that satisfies Rule 36(b)." *Wells v. EMF Corp.*, 757 F. Supp. 2d 796-97 (N.D. Ind. 2010) (quoting *Van Hoose v. Nucor Corp.*, No. 1:06-cv-01565, 2007 WL 2898697, at *1 (S.D. Ind. Apr. 13, 2007)). In support of a finding of prejudice, Plaintiffs point to the deposition scheduled for Defendant Switzer for June 30, 2017, and the July 31, 2017 fact discovery deadline. Plaintiffs also assert, without further detail, that they have relied on the admissions in formulating their discovery and summary judgment strategy following the Court's April 4, 2017 Opinion and Order. Plaintiffs provide no specific matters in which they would be prejudiced. For example, Plaintiffs do not state that they have already prepared for Defendant Switzer's deposition. The Court is not persuaded that Plaintiffs will be prejudiced by allowing the admissions to be withdrawn.

Because both prongs of the Rule 36(b) standard for permitting the withdrawal of admissions are met, the Court has the discretion to decide whether to permit Defendant Switzer to withdraw his admissions. Plaintiffs argue that the Court should not exercise this discretion because Defendant Switzer made the intentional choice to disregard the Requests for Admission and because Defendant Switzer waited six weeks after the Court's April 4, 2017 Opinion and Order to file the instant motion.

Defendant Switzer's reliance on his pending Motion to Dismiss in deciding to ignore the Requests for Admission was ill-placed but not necessarily made in bad faith. Defendant Switzer's lack of response is more intentional than instances where a party inadvertently misses a deadline to respond, but there is no evidence or argument before the Court to indicate that Defendant Switzer was deceptively withholding information from Plaintiffs in order to gain an unfair advantage in this litigation. Further, the Court does not regard the six weeks between the issuance of the Court's

Opinion and Order and the filing of the instant Motion to provide reason to withhold permission to withdraw the admissions. Defendant Switzer's deposition is over two weeks away, and the fact discovery deadline is several weeks in the future. The Court, in its discretion, will allow Defendant Switzer to withdraw his admissions.

Plaintiffs argue that they should be awarded their expenses and costs of relying on the admissions in planning their discovery and summary judgment strategy. This case is unlike *Van Hoose*, which Plaintiff cite in support of an award of expenses and costs. No. 1:06-cv-01565, 2007 WL 2898697 (S.D. Ind. Apr. 13, 2007). In *Van Hoose*, the requesting party had relied on the admissions in filing a motion for summary judgment, and the *Van Hoose* court awarded expenses and costs to eliminate prejudice to the requesting party. Plaintiffs do not indicate that they have already relied on the admissions in preparing for Defendant Switzer's deposition or any other matter other than the forming of strategy, about which Plaintiffs provide no further details. The Court finds that an award is not warranted here.

Based on the foregoing, the Court hereby **GRANTS** Defendant Paul Switzer's Motion to Have Requests Previously Deemed Admitted by Law Be Withdrawn and/or Amended [DE 222] and **ORDERS** Defendant Paul Switzer to serve on Plaintiffs his Answers, which were filed as an exhibit to the instant motion, on or before **June 21, 2017**.

So ORDERED this 14th day of June, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT